ARTHUR J. ROUGEAU & others *vs.* MAYOR OF MARLBOROUGH & others.

Middlesex.   November 4, 1931. — December 4, 1931.

Present: RUGG, C.J., PIERCE, WAIT, & SANDERSON, JJ.

*Municipal Corporations,* Contract.   *Contract,* Validity.

A notice calling for bids for the construction of a schoolhouse in a city, published three times, the first two times being in two consecutive weeks, the second time being more than seven days before the date set in the notice for the opening of the bids, and the third time being in a third week and less than seven days before the date for the opening of bids, complied with the requirements of G. L. c. 43, § 28, as amended by St. 1928, c. 300, § 1, and was valid.

BILL IN EQUITY under G. L. c. 40, § 53, filed in the Supreme Judicial Court for the county of Middlesex on April 9, 1931.

The suit was referred to a master. Material facts found by the master are stated in the opinion. By order of *Field,* J., there were entered an interlocutory decree confirming the master's report and a final decree dismissing the bill. The plaintiffs appealed.

*M. J. Doyle & J. D. Fahey,* for the plaintiffs, submitted a brief.

*W. L. Temple,* City Solicitor, for mayor of Marlborough and others.

*J. J. Shaughnessy,* for the defendants Hurley and others.

PIERCE, J. This is a bill in equity brought under G. L. c. 40, § 53, by ten alleged taxable inhabitants of the city of Marlborough against the mayor and certain other described officials of the city of Marlborough and the members of the Thomas P. Hurley Construction Co., a copartnership, seeking to restrain such officials from paying any money on account of, or doing any acts relating to, an alleged illegal contract between the city of Marlborough and the said construction company and to restrain the construction company from carrying on or receiving any money under the aforesaid contract. Upon the filing of the answers of the defendants the case was referred to a master to hear the evidence, find the facts and report to the court. Hearings were had before the master and his final report was duly filed on May 27, 1931. As there were no objections the report was confirmed on June 9, 1931. On the same day the cause was argued before a single justice of this court and the bill was dismissed, without costs. The case is before this court on the appeal of the plaintiffs.

It was admitted in the answer of the defendants other than the defendant Thomas P. Hurley Construction Co. that "The plaintiffs are each and every one an inhabitant in and a taxpayer of the city of Marlborough, a municipal corporation in said county of Middlesex"; that the defendants named hold the several offices or comprise the copartnership as they are described in the bill of complaint; that the city of Marlborough by its duly accredited representatives voted for the erection of a new grade school building; that thereafter a building committee, called the "City

of Marlborough, Massachusetts School Construction Com-
mittee," was formed of which the defendant Martel, as
mayor, was chairman.

The master finds that said building committee, known
as The Hildreth School Construction Committee, was ap-
pointed under and by virtue of an order duly passed by
the city council, dated November 17, 1930, which reads as
follows: "That a committee consisting of the Mayor who
will act as Chairman, as many members of the School
Committee as may be designated by the Chairman of the
School Committee; all the members of the City Council;
three citizens who are not members of the City Council or
School Committee, to be appointed by the Mayor, be vested
with full power and authority to make contracts, purchase
supplies and fittings and superintend the erection of a new
school building to replace the Hildreth school building,
and to have power to do any and all things necessary for
the construction and equipment of the building, grading
the grounds, etc., and to complete the same ready for
occupancy according to plans to be approved by the School
Committee."

The master found that the committee held its first meet-
ing on January 23, 1931, and chose an architect concerning
the erection of the new school building; that the architect
prepared the contract to be executed, under the authority
of said committee, between them and the successful bidder,
and the notice to be published asking for bids; that at a
meeting of the committee the plans and specifications which
had previously been submitted by the architect were ac-
cepted and approved by the committee and that they were
also approved by members of the school committee who
were present at the meeting by invitation of the building
committee. It appeared that the superintendent of schools
also examined and approved the same.

A motion was carried that the committee advertise in the
local papers inviting contractors to submit proposals for
the erection of the school building according to the plans
and specifications as submitted and adopted, and the com-
mittee fixed the date for the opening of the bids as March

27, 1931, when a meeting would be held at 8 P.M. at the city hall. At this meeting of March 27, 1931, all members of the committee were present, together with the architect. Sixteen bids were submitted, and the master finds "that after considerable discussion the committee awarded the contract unanimously to the Thomas P. Hurley Construction Co. of Marlborough, they being, under all the evidence, the lowest local bidder for the work," for the total sum of $147,023. It is charged in the bill of complaint and admitted in the answer that the bid of the construction which was accepted and upon which the contract was awarded to the defendant construction company was $19,586 higher than the lowest bid submitted. The contract for the school building was executed on March 28, 1931. The plaintiffs contend that the award of the contract to the Thomas P. Hurley Construction Co. is illegal and void, in that there was no legal compliance with the requirements of the provisions of G. L. c. 43, § 28, as amended by St. 1928, c. 300, § 1. That statute reads: "No contract for construction work or for the purchase of apparatus, supplies or materials, whether for repairs or original construction, the estimated cost of which amounts to five hundred dollars or more, except in cases of special emergency involving the health or safety of the people or their property, shall be awarded unless proposals for the same have been invited by advertisements in at least one newspaper published in the city once a week for at least two consecutive weeks, the last publication to be at least one week before the time specified for the opening of said proposals. Such advertisements shall state the time and place where plans and specifications of proposed work or supplies may be had and the time and place for opening the proposals in answer to said advertisements, and shall reserve to the city the right to reject any or all of such proposals. All such proposals shall be opened in public. No bill or contract shall be split or divided for the purpose of evading any provision of this chapter."

No contention is made by the defendants that in the allotment and award of this particular contract to the construc-

tion company there existed any "special emergency involving the health or safety of the people or their property."

As respects the publication of advertisement inviting contractors to submit proposals for the erection of the school building, the master finds "as a fact that the advertisement was inserted in the Marlborough Enterprise on March 13, 16 and 23, 1931; that in the insertion of said advertisement on March 13, at the bottom thereof, where papers usually indicate the days on which the advertisement has or is to appear, was printed 'Mar. 13, 16, 18'; that the insertion in the newspaper for March 16 indicated as aforesaid that the advertisement had or would appear on 'Mar. 13, 16, 23'"; that the insertion in the newspaper for March 23 indicated that the publication had or would appear "Mar. 13, 16, 23." The master further found "that the publications of said notice on March 13, and 16, 1931, were in two successive weeks and more than seven days before the time specified for the opening of the bids; that the third publication on March 23 was in the third successive week and less than seven days before the advertised time for the opening of said bids." He further finds that all of said notices provided that the committee would open the bids "immediately after 8.00 P.M. on Friday, March 27, 1931. The committee reserves the right to reject any and all proposals or parts of proposals and to award the contract as it deems best for the interest of the City of Marlborough."

As respects the authorization of the insertion of the advertisement, the master finds there was no vote of the committee authorizing the insertion of said notice on any particular date; that said architect prepared the notice for publication under the authority of the committee; and that after the preparation of said notice the clerk of said committee, by its authority, took the notice and delivered it to one Burke at the Enterprise office for publication and gave him no directions concerning the dates of publication; that thereafter the said clerk saw the advertisement as it appeared in the paper on March 13, 16 and 23, and that he identifies all three advertisements.

. It is the contention of the defendants that the publication on March 23, 1931, was unauthorized, and that if it was such advertisement was "mere surplusage and of no legal effect"; that at most there was a technical departure from the requirements of G. L. c. 43, § 28, and that the subsequent proceedings were not invalidated thereby. The statute is mandatory that "No contract . . . shall be awarded unless proposals . . . have been invited by advertisements in at least one newspaper published in the city once a week for at least two consecutive weeks, the last publication to be at least one week before the time specified for the opening of said proposals." Other than the requirements that the advertisement shall be published once a week for two consecutive weeks and that the last publication shall be at least one week before the time specified for the opening of the proposals there is nothing in the statute to forbid the publication of the advertisement as often as may be deemed advisable by the city or its committee having the matter in its charge. The last publication of the advertisement was not a violation of the law.

*Decree affirmed.*